UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH SPRINGS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS W. HARKER,[1] in his official capacity as Acting Secretary of the Navy, *et al.*,<br><br>Defendants. | Civil Action No. 20-3244 (RDM) |

**ANSWER**

Defendants, by and through the undersigned counsel, hereby submit this Answer to the Complaint filed by Plaintiffs Kenneth Springs and Nathaniel Reese, *see* ECF No. 1. Defendants respectfully reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.

**RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT**

Defendants deny all allegations in the Complaint, including the relief sought, except when specifically admitted in this Answer. Using the same organization and numbered paragraphs as the Complaint, Defendants answer Plaintiffs' allegations in the paragraphs of the Complaint as follows.

**INTRODUCTION**

1. Defendants admit Paragraph 1.

[1] The current Acting Secretary of the Navy is automatically substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

2. Defendants admit that Plaintiffs and the class they seek to represent are former members of the U.S. Navy and Marine Corps who were separated from military service for unfitting conditions. Defendants deny the remainder of paragraph 2.

3. Paragraph 3 consists of Plaintiffs' characterization of their action and a conclusion of law, to which no response is required. To the extent that a response is required, Defendants deny paragraph 3.

4. Defendants admit Paragraph 4.

5. Defendants admit paragraph 5.

6. Defendants admit paragraph 6, except to deny Plaintiffs' legal conclusion regarding a requirement for the Navy to rate Category II conditions.

7. Defendants admit paragraph 7.

8. Defendants deny paragraph 8.

9. Paragraph 9 consists of Plaintiffs' characterization of their complaint, to which no response is required. To the extent a response is required, Defendants deny paragraph 9.

**JURISDICTION AND VENUE**

10. Paragraph 10 consists of Plaintiffs' characterization of their action, to which no response is required.

11. Paragraph 11 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction to hear Plaintiffs' Complaint.

12. Paragraph 12 consists of Plaintiffs' characterization of their request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

13. Paragraph 13 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny paragraph 13.

14. Paragraph 14 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this district.

15. Paragraph 15 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants admit paragraph 15.

## PARTIES

16. Defendants admit paragraph 16.

17. Defendants admit the first two sentences of paragraph 17 but deny the last sentence.

18. Defendants admit the first two sentences of paragraph 18 and the part of the third sentence discussing the U.S. Department of Veterans Affairs' ("VA") disability ratings but deny the remainder of the third sentence. Defendants admit the remainder of paragraph 18, except to deny that the Navy was required to assign a disability rating for a Category II condition.

## FACTUAL ALLEGATIONS

19. Defendants admit paragraph 19.

20. Defendants admit paragraph 20.

21. Defendants admit paragraph 21.

22. Defendants admit paragraph 22.

23. Defendants admit paragraph 23.

24. Defendants admit paragraph 24.

25. Defendants admit paragraph 25.

26. Paragraph 26 consists of Plaintiffs' characterization of applicable law and regulations, to which no response is required. To the extent a response is required, Defendants aver that 10 U.S.C. §§ 1216a(a) and 1201, and SECNAVINST 1850.4E, speak for themselves and are the best evidence of their contents.

27. Defendants admit paragraph 27.

28. Defendants admit paragraph 28.

29. Defendants admit paragraph 29.

30. Defendants admit paragraph 30.

31. Defendants admit paragraph 31.

32. Defendants admit paragraph 32, except to deny the part of the second sentence that the Navy was required to assign a disability rating for Category II conditions.

33. Paragraph 33 consists of Plaintiffs' characterization of a statute at 10 U.S.C. §1216a(b). Defendants aver that the referenced statute speaks for itself and is the best evidence of its contents. Defendants deny that the referenced statute provides support for the Navy's regulations requiring assigning disability ratings Category II conditions.

34. Paragraph 33 consists of Plaintiffs' characterization of DoDI 1332.8. Defendants aver that DoDI 1332.8 speaks for itself and is the best evidence of its contents. Defendants deny that DoDI 1332.8 provides support for the Navy's regulations requiring assigning disability ratings Category II conditions.

35. Defendants deny paragraph 35.

36. Defendants admit that no disability rating for a Category II condition was assigned but deny the remainder of paragraph 36.

37. Defendants deny paragraph 37.

38. Defendants deny paragraph 38.

39. Defendants deny paragraph 39.

40. Defendants admit that Plaintiff Springs enlisted in 2015. Defendants lack sufficient knowledge or information to admit or deny the remainder of paragraph 40.

41. Defendants admit paragraph 41.

42. Defendants admit paragraph 42, except that Plaintiff Springs was promoted to petty officer third class in 2017, not 2016.

43. Defendants admit that Plaintiff Springs's evaluation reports for 2018 and 2017 contained the language quoted in Paragraph 43 and that he received the four awards described in that paragraph. Defendants lack sufficient knowledge or information to admit or deny the remainder of paragraph 43.

44. Defendants admit paragraph 44 to the extent that the VA determined that his PES planus deformity with hammer toes "was permanently worsened as a result of service," and otherwise aver that Plaintiff Springs's medical record speaks for itself and is the best evidence of its contents.

45. Defendants admit the first sentence of paragraph 45. Defendants admit that on March 16, 2017, Dr. John Jae Kim performed a cotton osteotomy through the medial cuneiform, as well as a Reverdin-Green-Laird bunionectomy and an Akin bunionectomy, and otherwise aver that Plaintiff's medical record speaks for itself and is the best evidence of its contents.

46. Defendants admit Plaintiff Springs was told to use crutches and had a cast boot in March 2017 and was placed on limited duty in June 2017, and otherwise aver that Plaintiff Springs's medical record speaks for itself and is the best evidence of its contents.

47. Defendants admit that, on February 1, 2018, Plaintiff Springs underwent a revisional bunion procedure to the left foot where the previously placed hardware was removed, and he did undergo a closing base wedge osteotomy of the first metatarsal, and otherwise aver that Plaintiff Springs's medical record speaks for itself and is the best evidence of its contents.

48. Defendants admit that, on August 23, 2018, Plaintiff Springs underwent a closing base wedge osteotomy with bunionectomy to the right foot, and otherwise aver that his medical record speaks for itself and is the best evidence of its contents.

49. Defendants admit that his feet were pronated, and he developed hammer toes, and otherwise aver that his medical record speaks for itself and is the best evidence of its contents.

50. Defendants admit paragraph 50 to the extent that, on October 4, 2018, the Medical Evaluation Board ("MEB") convened to evaluate his medical conditions, and otherwise aver the MEB record speaks for itself and is the best record of its contents.

51. Defendants admit paragraph 51 to the extent that the MEB recommended referral to the Physical Evaluation Board ("PEB"), and otherwise aver that the decision speaks for itself and is the best evidence of its contents.

52. Defendants admit paragraph 52, and otherwise aver that Plaintiff Springs's medical record speaks for itself and is the best evidence of its contents.

53. Defendants admit that the VA issued proposed disability ratings, and otherwise aver that Plaintiff's medical record speaks for itself and is the best evidence of its contents.

54. Defendants admit that, in May 2019, the informal PEB issued findings, and otherwise aver that the medical document speaks for itself and is the best evidence of its

contents.

55. Defendants admit the medical documents include his formal PEB petition and the formal PEB issued findings, and otherwise aver that the medical documents speak for themselves and are the best evidence of their contents.

56. Defendants admit the medical documents include the PEB's response to his petition for relief, and otherwise aver that the medical documents speak for themselves and are the best evidence of their contents.

57. Defendants admit the letter recommends separating Plaintiff Springs with severance pay and a 20% combined disability rating, and otherwise aver that the letter speaks for itself and is the best evidence of its contents.

58. Defendants admit paragraph 58.

59. Defendants admit paragraph 59.

60. Defendants admit the first sentence of paragraph 60, except that Plaintiff Reese re-enlisted in January 2013, not 2012. Defendants admit that when Plaintiff Reese re-enlisted, he became an air delivery specialist while stationed at Camp Lejeune. Defendants lack sufficient knowledge or information to admit or deny the remainder of paragraph 60.

61. Defendants admit paragraph 61.

62. Defendants lack sufficient knowledge or information to admit or deny paragraph 62.

63. Defendants admit that Plaintiff Reese underwent a distal clavicle resection surgery on his right shoulder in October 2013, but lack sufficient knowledge or information to admit or deny the remainder of paragraph 63.

64. Defendants admit paragraph 64.

65. Defendants admit paragraph 65.

66. Defendants admit paragraph 66.

67. Defendants admit that Plaintiff was diagnosed with fibromyalgia on March 2, 2015, and that, although it affects patients differently, it can cause widespread pain, sleep problems, fatigue, or depression.

68. Defendants admit paragraph 68.

69. Defendants admit paragraph 69.

70. Defendants admit that the PEB found Plaintiff Reese's fibromyalgia unfitting and identified right shoulder pain as a related category 2 diagnosis, but lack sufficient knowledge or information to admit or deny the remainder of paragraph 70.

71. Defendants admit paragraph 71.

72. Defendants admit paragraph 72.

73. Defendants admit paragraph 73, except the words "Category II condition," and instead admit the words "related category 2 diagnosis".

74. Defendants admit the first sentence of paragraph 74 but deny the second sentence.

75. Defendants admit that Plaintiff Reese moved to San Antonio, Texas after separating from the military and that Navy protocol for people placed on the TDRL is to have periodic examinations to reevaluate their medical condition, but Defendants lack sufficient knowledge or information to admit or deny Plaintiff Reese's expectations.

76. Defendants admit paragraph 76, except the words "Category II condition," and admit instead the words "related category 2 diagnosis."

77. Defendants admit paragraph 77.

78. Defendants admit paragraph 78.

79. Defendants admit paragraph 79.

80. Defendants admit paragraph 80.

81. Defendants admit the first sentence of paragraph 81. Defendants admit that Plaintiff Reese was separated with separation pay but was not medically retired. Defendants deny the remainder of paragraph 81.

82. Defendants admit paragraph 82 contains the Navy's response to the Freedom of Information Act ("FOIA") request, and otherwise aver that the response speaks for itself and is the best evidence of its contents.

83. Defendants deny paragraph 83.

84. Defendants admit paragraph 84 contains the Navy's response to the FOIA request, and otherwise aver that the response speaks for itself and is the best evidence of its contents. Defendants deny the last sentence of paragraph 84.

85. Defendants admit paragraph 85 contains the Navy's response to the FOIA request, and otherwise aver that the response speaks for itself and is the best evidence of its contents. Defendants deny the last sentence of paragraph 85.

**CLASS ACTION ALLEGATIONS**

86. Paragraph 86 consists of Plaintiffs' characterization of their Complaint, to which no response is required. To the extent a response is required, Defendants aver that the complaint speaks for itself.

87. Paragraph 87 consists of Plaintiffs' characterization of their Complaint, to which no response is required. To the extent a response is required, Defendants aver that the complaint speaks for itself.

88. Defendants lack sufficient knowledge or information to admit or deny paragraph 88.

89. Defendants lack sufficient knowledge or information to admit or deny paragraph 89.

90. Defendants lack sufficient knowledge or information to admit or deny paragraph 90.

91. Paragraph 91 consists of Plaintiffs' characterization of their Complaint, to which no response is required. To the extent a response is required, Defendants aver that the complaint speaks for itself.

92. Defendants deny paragraph 92.

93. Defendants lack sufficient knowledge or information to admit or deny paragraph 93.

94. Defendants lack sufficient knowledge or information to admit or deny paragraph 94.

**CLAIMS FOR RELIEF**

95. Defendants lack sufficient knowledge or information to admit or deny paragraph 95.

96. Defendants incorporate their responses to paragraphs 1 through 95.

97. Defendants admit paragraph 97.

98. Defendants deny paragraph 98.

99. Defendants incorporate their responses to paragraphs 1 through 98.

100. Defendants deny paragraph 100.

101. Defendants deny paragraph 101.

102. Defendants deny paragraph 102.

103. Defendants incorporate their responses to paragraphs 1 through 102.

104. Defendants admit paragraph 104.

105. Defendants admit that DoDI 1332.18(5)(a) states that "[t]he DES compensates disabilities when they cause or contribute to career termination."

106. Defendants deny paragraph 106.

**REQUEST FOR RELIEF**

107. Defendants deny paragraph 107.

The remaining paragraphs of the complaint contain Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the prayer for relief and further aver that Plaintiffs are not entitled to the requested relief.

Dated February 9, 2021

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ *Christopher C. Hair*
CHRISTOPHER C. HAIR, PA Bar No. 606656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541
christopher.hair@usdoj.gov

*Counsel for Defendants*