**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KENNETH SPRINGS *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>KENNETH BRAITHWAITE[1] *et al.*,<br><br>*Defendants*. | Civil Action No. 20-3244 (RDM) |

**JOINT REPORT**

The parties to the above-captioned case respectfully submit this Joint Report in accordance with the Order entered by the Court on March 10, 2021 and with Local Civil Rule 16.3(d) and after having conferred pursuant to Federal Rule of Civil Procedure 26(f).

**Plaintiffs' Statement**

On November 10, 2020, a class action lawsuit was filed under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq,* challenging a systemic Navy practice that has resulted in the denial of military disability retirement benefits to more than 16,000 Navy and Marine Corps veterans. To be entitled to military disability retirement, a service member must have one or more service-incurred disabilities that are rated at a combined 30 percent and that render the member unfit for continued military service. 10 U.S.C. § 1201. 10 USC § 1216 requires the Navy to rate any medical condition that individually or collectively renders a service member unfit to perform the duties of the member's office, grade, rank, or rating. The Navy's regulations also provides that Category II conditions, which the Navy defines as secondary conditions that "contribute" to the

---

[1] The parties respectfully request that Thomas W. Harker be substituted as a defendant in place of Kenneth Braithwaite pursuant to Fed. R. Civ. P. 25(d).

"Category I unfitting disabling condition, "will be rated." Secretary of the Navy Instruction (SECNAVINIST) 1850.4E. Despite this clear guidance, from April 30, 2002 until June 27, 2019, the time period that the Navy's military retirement system mandated identification of Category II conditions, the Navy failed to assign a disability rating to a single Category II condition for the purpose of calculating the combined disability rating. This failure resulted in the denial of certain benefits to veterans who became disabled during their military service. Plaintiffs here seek declaratory and injunctive relief to correct the practice by the U.S. Department of the Navy to fail to adhere to their policies with respect to Category II disability ratings.

Plaintiffs have extremely limited visibility into the Navy's treatment of veterans under the particular policy at issue other than that the Navy routinely failed to consider Category II disabling conditions in rendering benefit decisions. In fact, it was not until the Navy responded to a Freedom of Information Act request that Plaintiffs learned that Category II ratings had not been applied for a period of more than ten years. Accordingly, Plaintiffs reasonably require discovery into any instructions the Navy provided to carry out the policy to ignore a category of disability ratings, the reasons for such instructions and the scope of the individuals who were impacted by it. Because Plaintiffs allege systemic defects in the Navy's course of conduct—evidence of which is unlikely to appear in any individual administrative record—discovery outside of the administrative record is necessary and appropriate. In an analogous class action case under the APA challenging the Navy's denial of plaintiffs' applications for upgrades of their military discharges, the court recognized the need for discovery outside of the administrative record. *Manker v. Spencer*, No. 3:18-CV-372 CSH, 2019 WL 5846828, at *19–20 (D. Conn. Nov. 7, 2019) ("pre-trial discovery in this ongoing class action is not, and in fairness could not be, limited to the administrative records created by the unsuccessful agency applications of [Plaintiff] and Doe for discharge upgrades.")

(citing *Kennedy v. Esper*, No. 3:16-CV-2010, slip op. at 2–3 (D. Conn. Sept. 6, 2019) (rejecting the Navy's request to limit discovery to the administrative records of two named plaintiffs in certified class action challenging less-than- Honorable discharges)).

This case has been pending since November and has been subject to a number of extensions by the Defendants, the result of which is that five months later, the case has not progressed beyond the pleadings and Plaintiffs have received no information. As illustrated by the above-cited cases, it is very unlikely that the Navy's production of the administrative records for the two named Plaintiffs will reveal any evidence of the challenged course of conduct. Furthermore, unlike in *Almaklani v. Trump*, 444 F. Supp. 3d 425 (E.D.N.Y. 2020), which the Defendants cite as distinguishing *Manker*, Plaintiffs are not seeking discovery of the Navy's decision-making process, but rather the Navy's failure to adhere to their policies with respect to Category II disability ratings. While the Navy should promptly produce the entire administrative record underlying its policy, that record is unlikely to contain information regarding the Navy's practice of not applying the policy. Thus, the Navy's production of the administrative record cannot replace the discovery sought by Plaintiffs.

**Plaintiffs' Proposed Schedule**

| Action | Proposed Date |
|---|---|
| Initial Disclosures | April 19, 2021 |
| Deadline for Post-R. 26(a) Discovery Requests | May 3, 2021 |
| All discovery closes | 90 days after the Court's ruling on Class Certification |
| Limits on number of interrogatories per party | 25 |

3

| Limits on number of depositions per side | 3 |
|---|---|

## The Parties' Jointly Proposed Schedule

| Action | Proposed Date | Proposed Page Limit |
|---|---|---|
| Production of Plaintiffs' Administrative Records | May 3, 2021 | |
| Motion for Class Certification Pursuant to Rule 23 | As soon as practicable, but no later than June 1, 2021(opening brief); Thirty-days thereafter (opposition); Fifteen Days 15, 2021 (reply) | |
| Oral Argument on Rule 23 Motion | **TBD** | |
| Plaintiffs' motion for summary judgment | No later than 30 days after the Court's ruling on class certification[2] | 45 Pages |
| Defendants' cross-motion for summary judgment and opposition | No later than 60 days after the Court's ruling on class certification | 45 Pages |
| Plaintiffs' reply and opposition | No later than 74 days after the Court's ruling on class certification | 35 Pages |
| Defendants' reply | No later than 88 days after the Court's ruling on class certification | 25 Pages |

## Joinder & Amendment

The parties do not anticipate the need to amend the pleadings.

## Bifurcation of Discovery or Trial

The parties do not anticipate the need for bifurcation of discovery or trial in this action.

## Assignment to Magistrate Judge

The parties do not agree to assignment of the case to a Magistrate Judge for all purposes.

---

[2] All times calculated under Fed. R. Civ. P. 6(a)(1).

**ADR and Settlement**

The parties are amenable to exploring alternative dispute resolution mechanisms and discussing settlement.

**Experts**

The Parties do not anticipate the need for expert disclosures by either party in this action. Plaintiffs, however, reserve the right to retain experts and agree to disclose any experts on or before June 15, 2021. Defendants do not believe that expert disclosures are appropriate in this APA case where review is limited to the administrative record.

**Other Issues**

The Parties anticipate that the case may require a protective order with respect to certain materials. The Parties shall attempt to agree upon acceptable language for such a protective order and ask that, if such agreement can be made, that they be allowed to submit a stipulated protective order for approval by the Court.

**Defendants' Statement**

Plaintiffs have filed a three-count class action complaint seeking declaratory and injunctive relief exclusively under the Administrative Procedure Act (APA). In particular, Plaintiffs challenge what they claim is a "Navy policy and practice to exclude, when calculating the sailor or Marine's combined disability rating, the individual disability rating(s) assigned by the Department of Veteran Affairs (VA) using the VA Schedule for Ratings Disabilities to medical condition(s) that were expressly found by the Navy to contribute to the unfitting condition(s)." ECF No. 1, ¶ 3. Plaintiffs claim that this alleged policy and practice of failing to consider contributory medical conditions violated 10 U.S.C. § 1216a(b) (Count I); *id.* ¶¶ 96-98; Secretary of the Navy Instruction 1850.4E (Count II); *id.* ¶¶ 99-102; and Department of Defense Instruction 1332.18 (Count III); *id.* ¶¶ 103-07. Plaintiffs seek a declaration that the Navy's alleged policy and practice violates these provisions, as well as an injunction requiring Defendants to correct the military records of the Plaintiffs and putative class members. *Id.* ¶ 109.c.

Plaintiffs' request for the exchange of initial disclosures and discovery in this APA case is misplaced. Judicial review of agency action is limited to "the whole record or those parts of it cited by the party." 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorio*, 470 U.S. 729, 743-44 (1985). Thus, when there is a "contemporaneous explanation" for an agency's decision, its validity "must . . . stand or fall on the propriety of that finding." *Camp v. Pitts*, 411 U.S. 138, 143 (1972). "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co.*, 470 U.S. at 744. Accordingly, the D.C. Circuit has recognized that "discovery typically is not available in APA cases." *Air Transp. Assoc. of Am. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487 (D.C. Cir. 2011) (quotation omitted); *Fisher v. Pension Benefit Guaranty Corp.*, 468 F. Supp. 3d 7, 23 n.7 (D.D.C. 2020) (Moss, J.), *appeal docketed*, No. 20-7063 (D.C. Cir. Jul. 9, 2020) (explaining that "absent extraordinary circumstances, the Court must decide an APA challenge based on the administrative record, and Fisher has failed to make the type of demanding showing required before a court will authorize discovery in an APA case"); *Amgen Inc v. Hargan*, 285 F. Supp. 3d 397, 404 (D.D.C. 2017) (Moss, J.) (recognizing that judicial review under the APA is limited to the full administrative record that was before the agency at the time it made its decision).

For that reason, the D.C. Local Rules explicitly recognize that cases like this one, which proceed, if at all, on an administrative record, are exempt from the requirements that parties participate in a meeting of counsel, that the court issue a discovery schedule, or that the parties exchange initial disclosures. *See* Fed R. Civ. P. 26(a)(1)(B)(i); 26(f)(1); D.C.L.R.16.3(b)(1)

6

(exempting actions for review on an administrative record from requirements of Federal Rules of Civil Procedure 16(b) and 26(f)); D.C.L.R. 26.2(a)(1) (exempting actions for review on an administrative record from initial disclosure requirement). This recognition that cases under the APA are not subject to traditional discovery rules is further reflected in D.C. Local Rule 7(h)(2), which provides that in cases where judicial review is based solely on the administrative record "motions for summary judgment and oppositions thereto shall include a statement of facts with reference to the administrative record."

The only limited exceptions to the bar on discovery in an APA case is where a party makes a "significant showing" that "it will find material in the agency's possession indicative of bad faith or an incomplete record." *Id.* Here, Plaintiffs have not even attempted to make such a showing. Rather, Plaintiffs simply allege that because they "have extremely limited visibility into the Navy's treatment of veterans under the particular policy at issue," they "require discovery into any instructions the Navy provided to carry out the policy to ignore a category of disability ratings, the reasons for such instructions and the scope of the individuals who were impacted by it." Presumably, the administrative record prepared by the Defendants will answer Plaintiffs' questions insofar as they are relevant for APA review. Because Plaintiffs cannot meet their substantial burden of showing that discovery or initial disclosures are appropriate in this APA case, their request should be denied.

Plaintiffs ignore this well-established Circuit precedent and instead rely upon an unpublished out-of-circuit district court opinion, *Manker v. Spencer*, No. 3:18-CV-372 CSH, 2019 WL 5846828, at *19–20 (D. Conn. Nov. 7, 2019) (citing *Kennedy v. Esper*, No. 3:16-CV-2010, slip op. at 2–3 (D. Conn. Sept. 6, 2019)).  But *Manker* does not justify discovery here. First, the district court in *Manker* ordered discovery after class certification and after the

7

government had lodged the administrative records limited to the two named plaintiffs. *Manker*, 2019 WL 5846828, at *19. The court permitted such discovery only after concluding that those administrative records "did not contain evidence of the challenged action." *Id.* Here, the Navy has not yet lodged the administrative record, so any allegation that it is insufficient to permit judicial review is premature. And unlike in *Manker*, the Navy in this case intends to lodge an administrative record that goes beyond the records of the named plaintiffs, and provide, to the extent available, the documents directly and indirectly considered by the relevant decision-maker concerning the challenged agency action. *See Almaklani v. Trump*, 444 F. Supp. 3d 425, 434, n.5 (E.D.N.Y. 2020) (distinguishing *Manker* on the ground that the administrative record in *Almaklani* "is not simply limited to the individual determinations as to the applications of individual plaintiffs, but the agency has certified that it has produced the entire record underlying the decision to implement [the challenged agency action.]").

Second, to the extent the court in *Manker* concluded that discovery was appropriate where the administrative record was deficient, that holding is in tension with D.C. Circuit case law. Where the administrative record does not permit the Court to conduct meaningful judicial review, the appropriate courses of action are (1) to reverse and remand to the agency for further factual development, *see National Law Ctr. on Homeless & Poverty v. U.S. Dep't of Veteran Affairs*, 736 F. Supp. 1148, 1153 (D.D.C. 1990) ("Moreover, should the Court find that the complete administrative record is factually deficient, the proper course is not to allow intervenors extensive discovery, but to reverse and remand GSA's decision to the agency for further factual development") (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)); (2) permit a voluntary remand to the agency to provide a complete explanation for its action, *Conservation Law Found. v. Ross*, No. 18-1087, 2019 WL 1359284, * 4 (D.D.C. Mar. 26,

2019); or, (3) in certain circumstances, supplementation of the administrative record by the agency. *Lee Memorial Hosp. v. Burwell*, 109 F. Supp. 3d 40, 48 (D.D.C. 2015). Plaintiffs' premature contention that they are entitled to discovery under these circumstances should be rejected.

Finally, to the extent Plaintiffs contend that they need discovery to show "the Navy's failure to adhere to their policies with respect to Category II disability ratings," they appear to be advancing an alternative APA theory, potentially under Section 706(1) of the APA for unlawfully withheld agency action. But even if such an APA claim properly were pled, it would not entitle them to discovery and they still would be limited to the same record review principles discussed above. *See Sierra Club v. United States Dep't of Energy*, 26 F. Supp. 2d 1268, 1271 (D. Colo. 1998) (holding that "[t]he judicial review provisions of the APA do not distinguish between a claim that an agency unlawfully failed to act and a claim based on action taken. In both cases, the court's review of the defendant agency's actions is generally confined to the administrative record.").

Respectfully submitted this 25th day of March, 2021

**DECHERT, LLP**

By __/s/ Christina Sarchio_____
Christina Guerola Sarchio (456254)
Peter Larson (219418)
1900 K Street NW
Washington, DC 20006

9

        Brittany Zoll
        Cira Centre
        2929 Arch Street
        Philadelphia, Pennsylvania 19104

        Danielle Gentin Stock
        Jenna Newmark
        Three Bryant Park
        1095 Avenue of the Americas
        New York, New York 10036

        Phillip Garber
        1 Bush Street #1600
        San Francisco, CA 94104

        *Attorneys for Plaintiffs*


        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        ANTHONY J. COPPOLINO
        Deputy Director, Federal Programs Branch

By   */s/ Joshua E. Gardner*_____
        Joshua E. Gardner (FL Bar No. 302820)
        Special Counsel
        Stephen Ehrlich
        Trial Attorney
        United States Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street NW, Room 11502
        Washington, D.C. 20005
        Tel: (202) 305-7583
        Fax: (202) 616-8460
        E-mail: Joshua.e.gardner@usdoj.gov

        *Counsel for Defendants*