# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH SPRINGS *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KENNETH BRAITHWAITE[1] *et al.*, <br><br> *Defendants*. | Civil Action No. 20-3244 (RDM) |

## JOINT REPORT

On April 2, 2021, this Court entered a Minute Entry in the above captioned case, among other things, directing the parties to "meet and confer, and file a Joint Status Report by 4/23/2021." In response to the Court's Order, counsel for Plaintiffs and Defendants met and conferred on April 16, 2021 and now respectfully submit this Joint Report to address the Court's suggestion that the parties consider proceeding with a "test case."

**Plaintiffs' Statement**

After due consideration, and weighing the benefits and risks of proceeding with a test case, Plaintiffs have concluded that it would be more efficient to follow the schedule ordered in the April 2, 2021 Minute Entry and to file their Motion for Class Certification by June 1, 2021, with the Opposition due by June 29, 2021, and Reply due by July 13, 2021. Given that Plaintiffs have brought a legal challenge to the U.S. Department of the Navy's overarching practice of failing to comply with its policies and regulations with respect to rating Category II disabilities, adjudicating each individual plaintiff's case will not address the legal challenge brought by members of the

---

[1] The parties respectfully request that Thomas W. Harker be substituted as a defendant in place of Kenneth Braithwaite pursuant to Fed. R. Civ. P. 25(d).

proposed class. Nor will it foreclose other service members from raising similar challenges but based on their individual facts. Thus, proceeding as a class action will streamline litigation challenging the Navy's practice on these issues. *See, e.g.*, *Damus v. Neilsen*, 313 F. Supp. 3d 317, 332 (D.D.C. 2018) ("Plaintiffs ask this Court to determine only whether, as a general matter, the five Field Offices are following the Directive or are instead systematically denying parole. Analyzing this issue thus requires only a common, programmatic analysis, as the specific facts of each denial matter not if Plaintiffs are correct in their claim that the Directive is no longer in force overall."); *Nio v. Dep't of Homeland Security*, 323 F.R.D. 28, 33 (D.D.C. 2017) ("Defendants are applying standardized, across-the-board policies to the class. The Court is not adjudicating naturalization applications or making individual N–426 determinations.").

Moreover, decisions in similar lawsuits that proceeded on an individual, rather than class action basis, proved difficult to enforce as to other service members. For instance, co-counsel at the National Veterans Legal Services Program ("NVLSP") have experience with proceeding through individual adjudications in anticipation that the military agency will enforce the judgment itself in future identical cases. Unfortunately, a recent effort to resolve an issue applicable to many veterans, including those from the Navy and Marine Corps, through resolution of one individual's case has repeatedly failed notwithstanding a successful litigation outcome. In *Cook v. U.S.*, 123 Fed. Cl. 277 (2015), NVLSP achieved a successful litigation outcome and yet had to litigate *Sapp* (20-cv-0935), *Ridgeway* (20-cv-0184), and *Hubert/Sunkel* (20-cv-01746) because the agency refuses to comply with the ruling in the *Cook* decision. As a result, NVLSP has been required to file repeat, identical individual litigations in the District Court for the District of Columbia. It is the hope of Plaintiffs' counsel that judicial economy will be achieved and repeated identical filings avoided through the current class action.

Accordingly, despite a meaningful and productive meet and confer with Defendants and taking into consideration service members' recent experiences in other settings, Plaintiffs have determined that moving for class certification provides for more judicial efficiency in the long term and more uniform application of the judgment as to other similarly situated service members.

**Defendants' Statement**

Although Defendants are skeptical that Plaintiffs will be able to certify a class under these circumstances, and continue to remain concerned that a challenge to the "overarching practice of failing to comply with its policies and regulations with respect to rating Category II disabilities" does not constitute final agency action reviewable under the Administrative Procedure Act, Defendants do not object to proceeding with class certification briefing followed by summary judgment briefing on the administrative record.

Respectfully submitted this 22nd day of April, 2021

**DECHERT LLP**

By /s/ Christina G. Sarchio

        Christina Guerola Sarchio (456254)
        Peter Larson (219418)
        1900 K Street NW
        Washington, DC 20006

        Brittany Zoll
        Cira Centre
        2929 Arch Street
        Philadelphia, Pennsylvania 19104

        Danielle Gentin Stock
        Jenna Newmark
        Three Bryant Park
        1095 Avenue of the Americas
        New York, New York 10036

        Phillip Garber
        1 Bush Street #1600
        San Francisco, CA 94104

        Bart Stichman
        Rochelle Bobroff
        Esther Leibfarth
        David Sonenshine
        National Veterans Legal Services Program
        1600 K Street, NW, Suite 500
        Washington, DC 20006-2833

        *Attorneys for Plaintiffs*

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        ANTHONY J. COPPOLINO
        Deputy Director, Federal Programs Branch

    By <u>/s/ Joshua E. Gardner</u>
        Joshua E. Gardner (FL Bar No. 302820)
        Special Counsel
        Andrew Carmichael
        Senior Trial Counsel
        Stephen Ehrlich
        Trial Attorney
        United States Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street NW, Room 11502

Washington, D.C. 20005
Tel: (202) 305-7583
Fax: (202) 616-8460
E-mail: Joshua.e.gardner@usdoj.gov

*Counsel for Defendants*