UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH SPRINGS, *et al.*,<br><br>     *Plaintiffs*,<br><br>v.<br><br>CARLOS DEL TORO, *Secretary of the Navy*, *et al.*,<sup>1</sup><br><br>     *Defendants*. | Civil Action No. 20-3244 (RDM) |

**MEMORANDUM OPINION AND ORDER**

This is a class action brought against the Secretary of the Navy challenging the Department of the Navy's policies and practices in calculating disability ratings for veterans of the United States Navy and Marines separated from service between November 10, 2014 and June 27, 2019, after being found unfit for continued military service by the Navy's Physician Evaluation Board ("PEB"), who were found by the PEB to have at least one Category II condition. Category I conditions are those that render a servicemember "unfit" for service, and a Category II condition is one that contributes to the unfitting condition. Category III conditions, in contrast, do not qualify as unfitting or contributing conditions, and Category IV conditions are those that cause no physical disability. Dkt. 40 at 3 (citing AR 3236). Plaintiffs allege that the Department of the Navy (hereinafter the "Navy") violated a statute, 10 U.S.C. § 1216a(b), and Navy regulations, SECNAVINST 1850.4E & DoDI 1332.18(3)(e), when it assigned disability

---

<sup>1</sup> The Court automatically substitutes the current Secretary of the Navy, Carlos Del Toro, in the case caption. *See* Fed. R. Civ. P. 25(d) (providing that "when a public officer . . . ceases to hold office while the action is pending . . . [t]he officer's successor is automatically substituted as a party").

ratings to their Category I conditions but failed to assign ratings for "their Category II conditions, which may have resulted in [their] receiving a lower combined disability rating and fewer benefits than they were entitled to under the applicable statute and regulations." Dkt. 1 at 4 (Compl. ¶ 8).

Before the parties completed briefing on their cross-motions for summary judgment, Dkt. 43 & 45, they jointly moved to stay the case, Dkt. 47, pending the Court's ruling on Plaintiffs' motion to strike a declaration by the President of PEB, John Reeser, and two documents pertaining to the named plaintiffs' records from the administrative record, Dkt. 48.  After hearing from the parties, the Court ordered that the declaration and two documents were not properly included in the administrative record but that they were properly offered as extra-record evidence regarding the relevant factual (but not legal) background.  Min. Entry (Mar. 15, 2023); Dkt. 56-1 at 41 (Hrg. Tr.).  Shortly thereafter, the Navy moved for voluntary remand.  Dkt. 56.  For the reasons explained below, the Court will **DENY** the Navy's motion.

Federal courts have considerable discretion to decide whether to grant an agency's motion for voluntary remand.  A court will "generally grant an agency's motion to remand so long as 'the agency intends to take further action with respect to the original agency decision on review.'"  *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) (quoting *Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017)).  "Remand has the benefit of allowing 'agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.'"  *Id.* (quoting *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993)).  Voluntary remand is not warranted, however, when the agency fails to "provide[] a reasoned explanation for a remand," *Cadillac of Naperville, Inc. v. Nat'l Lab. Rels. Bd.*, 14 F.4th 703, 719 (D.C. Cir. 2021) (citing

*Clean Wis. v. EPA*, 964 F.3d 1145, 1175–76 (D.C. Cir. 2020)), when the "motion is 'frivolous or made in bad faith,'" *id.* (quoting *Util. Solid Waste*, 901 F.3d at 436), or when "granting the motion would 'unduly prejudice the non-moving party,'" *id.* (quoting *Util. Solid Waste*, 901 F.3d at 436).

Here, the Navy has failed to offer a reasoned explanation justifying a voluntary remand. The Navy asserts that a voluntary remand will clarify the record in two respects: it will provide the Department with the opportunity to provide its "interpretation of the regulation at issue," and it will "provide clarity on the [Navy's] position from the [Department's] decision maker." Dkt. 56 at 8. The Court is unpersuaded for several reasons.

First, the Navy overreads the Court's comment during oral argument that a remand would offer one alternative means of clarifying the Navy's policy. *See* Dkt. 58 at 2 (citing Dkt. 56-1 at 30–31). At oral argument, Plaintiffs' counsel conceded that the Court could rely on the Reeser Declaration as extra-record evidence of what the PEB, in fact, did in rating Plaintiffs' disabilities, thereby facilitating judicial review of those determinations. *See* Dkt. 56-1 at 31–32. Accordingly, all now agree that the Court can rely on the declaration to the extent it describes how the PEB rendered its decisions. The only remaining bone of contention is whether the Court should also rely on legal argument contained in the declaration and whether the Court can and should defer to legal interpretations that are not elucidated in the administrative record but that are, instead, merely offered in the declaration. As to that dispute, the Court left it to the parties to argue their respective positions in completing (or renewing) briefing on their cross-motions for summary judgment. *Id.* at 41. Thus, to the extent the Navy seeks a remand to explain what the PEB in fact did, there is no need. That information is already before the Court, and the Court can discern little benefit in adding the declaration (or a similar account of the relevant events) to

3

the administrative record on remand, at least to the extent the Navy merely seeks to clarify what happened.

The Navy also argues that the Court should remand the dispute because Springs only raised his Category II-rating argument "in a cursory manner" during the administrative process, and Reese did not raise the issue at all. Dkt. 56 at 7. But, as Plaintiffs point out and the Navy does not dispute, the present dispute is not subject to an exhaustion requirement, which would preclude the Court from reaching the merits of Plaintiffs' claims absent a remand. Dkt. 57 at 5 n.1. The Navy's argument might come closer to the mark had Plaintiffs' complaint included an APA challenge to the adequacy of the Navy's reasoning or explanation; if Plaintiffs had done so, the Navy might have then reasonably sought an opportunity to clarify its reasoning or to add detail to its explanation on remand. But that is not this case. Rather, Plaintiffs' premise their challenge on a violation of the plain terms of the governing statute and regulations, and, according to their arguments, no additional reasoning or explanation can avoid that violation of the law. *See* Dkt. 1 at 27 (Compl. ¶¶ 96–107).

Permitting a voluntary remand to clarify the Navy's reasoning, moreover, is complicated here by the fact that this is a class action and clarifying the Navy's reasoning with respect to the two named plaintiffs will not necessarily clarify the reasoning of the relevant decisionmaker with respect to each of the 13,000 or so disability ratings at issue. *See* Dkt. 57 at 5; Dkt. 58 at 3 n.1. To the extent guidance was provided to all decisionmakers about how to rate the disabilities at issue, that information should already be in the administrative record, and attempting to offer that type of across-the-board clarification at this point risks confusing the record with *ex post facto* explanations for decisions rendered by other decisionmakers, who did not receive the benefit of that late-offered clarification or guidance before rendering the decisions under review. This

4

concern is acute because the Navy has made clear that it "does not intend to individually review the PEB case of every class member" on remand, Dkt. 58 at 3, and thus the Court will not have the benefit of new, better explained decisions to review. Instead, it will have an administrative interpretation of the relevant statute and regulations that is disconnected to the specific cases that are before the Court for review. Litigation counsel is, of course, free to present arguments about the meaning of the statute and regulations. The Court fails to grasp, however, how the resolution of this case would be furthered by presenting those legal arguments in the form of a declaration that is made part of the administrative record on remand, when the Navy will, at most, revisit two of the thousands of administrative determinations at issue, and when there is no reason to believe that the relevant decisionmakers had the benefit of that guidance.

      The Navy also argues that it "has not had the opportunity to review Plaintiffs' class claim in the first instance." Dkt. 56 at 8. The Court is unsure what to make of this argument. To start, the Navy stipulated to the certification of the class and agreed to proceed before this Court by way of a class action—presumably, to alleviate the burden that the Navy would face in litigating thousands of separate cases involving the same, arguably controlling, question of law. *See* Dkt. 35 at 4. But beyond that, the Navy has both failed to identify an administrative mechanism for revisiting the thousands of rating determinations at issue on a class-wide basis and, in any event, has failed to commit to revisit each of the thousands of rating determinations at issue. Finally, although arguing that the issue was raised only in passing, the Navy concedes that one of the two named Plaintiffs did raise the underlying, substantive issue in the administrative proceedings and that the Navy had the opportunity to address the issue in that case.

      The Court, accordingly, is unpersuaded that the Navy has offered any legitimate reason for remanding the case to supplement the administrative record at this point. To be sure, the

Court might ultimately conclude that a remand is required. But, if the Court does so, that decision will come only after considering the merits of the parties' respective legal arguments. The Navy's interest in offering its interpretation of the relevant statute and regulations in a manner that is unmoored to the thousands of rating determinations that are currently before the Court, however, is insufficient to justify a voluntary remand.

This leaves one issue, which arose months after the Navy moved for a voluntary remand and which relates more directly to the merits of the parties' dispute: On July 28, 2023, the D.C. Circuit issued its decision in *Sissel v. Wormuth*, 77 F.4th 941 (D.C. Cir. 2023), which addressed a question similar to the question presented here. In that case, the plaintiff received a disability rating based on injuries he suffered while serving in the Army. He received a 10% rating by the PEB. *Id.* at 944. On appeal to the Physical Disability Board of Review, he received a 20% rating based on an injury to his back with no distinct rating for a separate injury to his leg. *Id.* at 945. After pursuing administrative remedies, the plaintiff brought suit arguing, among other things, that the Army should have assigned a disability rating to his contributing leg injury, and the D.C. Circuit eventually agreed. *Id.* at 948. As the court explained that, "[i]f the [Army] concluded that [the plaintiff's] leg injury, along with his back injury, was collectively unfitting, [it] was obligated to give [plaintiff's] leg condition a rating," and that "[l]ongstanding Army regulations confirm an obligation to rate any compensable disability—that is, any disability that 'in itself, is unfitting *or contributes to the unfitting condition*.'" *Id.* (emphasis in original) (citation omitted). And, of particular relevance here, the court added: "To the same effect, the governing statute establishes that, '[i]n making a determination of the rating of disability of a member of the armed forces . . . , the Secretary concerned shall take into account *all* medical

conditions, whether individually *or collectively*, that render the member unfit.'"  *Id.* (emphasis and alterations in original) (citing 10 U.S.C. § 1261a(b)).

Although the parties brought this intervening precedent to the Court's attention, neither party is particularly clear about whether the D.C. Circuit's decision—standing alone—warrants a remand and, if so, what if any conditions should attach to that remand.  Plaintiffs, for their part, merely assert "*Sissel* directly implicates [the Navy's] purported need to remand this action for further explanation of [the relevant] process," and they request—without offering their own view—that the Court consider *Sissel* "in resolving the issue presented by [the Navy's] Motion to Remand."  Dkt. 61 at 2.  The Navy's position is even more opaque and merely asserts that *Sissel* "has little relevance to [the Navy's] pending motion," because "*Sissel* did not address nor question the appropriateness of voluntary-remand proceedings."  Dkt. 62 at 1.  The Navy then adds: "In fact, *Sissel* only strengthens [the Navy's] request for voluntary remand," since it would "allow the Navy to consider its Physical Evaluation Board regulations and proceedings in light of the D.C. Circuit's opinion."  *Id.*  That contention, however, is at odds with the Navy's prior contention that is merely seeks to explain what it previously did and why it previously did so—and not whether it might reconsider those prior decisions in light of new precedent.

As the record now standings, neither party has requested (or, at least, has not lucidly requested) that the Court remand the matter so that the Navy can reconsider its prior determinations in light of the D.C. Circuit's decision in *Sissel*.  Absent such a request, and without a more detailed proposal regarding how such a remand would proceed (e.g., whether or not it would be limited to the named Plaintiffs), the Court will not order such a remand at this time.  Rather, the Court will direct the parties to submit a joint status report on or before December 11, 2023, discussing how they propose to address the implications of the *Sissel*

decision on this case. The Court will further order the parties to appear for a status conference on December 13, 2023, to discuss next steps in the litigation. For present purposes, the Court merely concludes that the voluntary remand that the Navy has proposed—that is, a remand to permit the Navy to clarify the interpretation of the statute and regulations that it applied years ago in evaluating the thousands of ratings at issue in this litigation—is not warranted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Voluntary Remand, Dkt. 56, is **DENIED**. The parties shall submit a joint status report on or before December 11, 2023, and the parties shall appear for a status conference on December 13, 2023, at 10:00 a.m., in Courtroom 8.

**SO ORDERED**.

<u>/s/ Randolph D. Moss</u>
RANDOLPH D. MOSS
United States District Judge

Date: November 27, 2023